UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| LESLIE TORGERSON,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERTS COUNTY, SOUTH DAKOTA, TYLER APPEL, in his individual and official capacities; ZACHARY ANGERHOFER, in his individual and official capacities; WESLEY BOWSHER, in his individual and official capacities; ROSS TORGERSON, TERRI TORGERSON,<br><br>Defendants. | 1:22-CV-01008-CBK<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff filed a complaint under 42 U.S.C. §§ 1983 and 1985 alleging defendants violated his federal and state constitutional rights. He also alleges state law intentional infliction of emotional distress and a battery claim against defendants. Plaintiff seeks an award of attorney's fees, reimbursement for medical bills, damages for pain and suffering and for being evicted. In doing so, plaintiff requests this Court indirectly overturn the proceedings of state and tribal courts, interfere with a State's Attorney, and seeks other relief, all lacking legal merit.

Defendants Terri Torgerson ("Terri") and Ross Torgerson ("Ross") filed counterclaims alleging assault and battery. Terri and Ross filed separate motions for summary judgment and the remaining defendants, all state actors, filed a joint motion for summary judgment.

## DECISION

The standards for a summary judgment proceeding are well known. Summary judgment is proper where there is no genuine issue as to any material fact and the moving

party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Moore v. Martin, 854 F.3d 1021, 1025 (8th Cir. 2023). The United States Supreme Court has held that:

> The plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

> The party seeking summary judgment must first identify grounds demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. at 323, 106 S.Ct. at 2553… "Factual disputes that are irrelevant or unnecessary will not be counted," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246 (1986), and a mere scintilla of evidence supporting the nonmovant's position will not fulfill the non-movant's burden, *id.* at 252, 106 S.Ct. 2505.

Uhiren v. Bristol-Myers Squibb Co. Inc., 346 F.3d 824, 827 (8th Cir. 2003). "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under prevailing law." Grey v. City of Oak Grove, Mo., 396 F.3d 1031, 1034 (8th Cir. 2005). Said another way, "…the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

"As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. To establish the existence of a genuine issue of material fact, "[a] plaintiff may not merely point to unsupported self-serving allegations." Bass v. SBC Commc'ns, Inc., 418 F.3d 870, 872 (8th Cir. 2005).

The plaintiff, "...must substantiate his allegations with sufficient probative evidence that would permit a finding in his favor." Id. at 873. In other words, "A material fact dispute is genuine if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party." Landon v. Northwest Airlines, Inc., 72 F.3d 620, 634 (8th Cir. 1995). In considering the motion for summary judgment, this court must view the evidence in the light most favorable to the nonmoving party and all *reasonable inferences* must be resolved in that party's favor. Northern Bottling Co., Inc. v. Pepsico, Inc., 5 F.4th 917, 922 (8th Cir. 2021) (*emphasis added*).

After consideration of the entire record, this Court sets forth the facts relevant to the plaintiff's claims and the defendants' motions for summary judgment and ignores the many immaterial facts, conclusory statements, specious assertions, and pure speculation raised by plaintiff in this case.

I.  Sept. 21, 2021

Plaintiff and his then wife Terri resided together in Sisseton, South Dakota. On the evening of September 21, 2021, their adult son, Ross, arrived at the residence. A physical altercation occurred between plaintiff and Ross. Plaintiff claims Ross attacked him after plaintiff demanded Ross leave the home for being intoxicated, and that plaintiff passed out from the alleged attack. Ross claims plaintiff charged him and Terri after he accused plaintiff of infidelity, and Ross subdued plaintiff to protect Terri from plaintiff until the police arrived.

Defendants Zachary Angerhofer and Wesley Bowsher, Roberts County Deputy Sheriffs, were called to the scene. The deputies took statements from Ross and Terri, who both stated that plaintiff charged Ross after Ross accused plaintiff of infidelity. Ross had previously worked as a Tribal Police Officer. He did not know Deputy Bowsher during his service but had "crossed paths" with Deputy Angerhofer prior to the events of September 21, 2021. Deputy Angerhofer wrote a report of their investigation, but no arrests were made that evening.

An ambulance was called to the scene and an EMT reviewed the plaintiff's condition. Plaintiff then chose to drive to Fargo, North Dakota, to his daughter's house. He received stitches and other forms of medical treatment from a hospital there.

## II. Restraining Order and Divorce Proceedings

Plaintiff stayed with his daughter in Fargo for the next few days and returned to Sisseton on September 26, 2021. On September 30, 2021, plaintiff returned to Fargo to have his stitches removed. On that same day, Terri filed a petition and affidavit for protection order against the plaintiff, which was granted. Upon plaintiff's return to Sisseton from Fargo, he found the garage door which he usually used to enter the home unplugged, and thus entered the home through the back door using his house key. Upon Terri's return to the house from filing for a protection order she found plaintiff preventing her entry into the home. An argument ensued and, after a few minutes of arguing, Terri departed for Ross's home.

The Roberts County Sheriff's Office served plaintiff with the temporary protection order on the following day, October 1, 2021.

Several weeks later, on October 27, 2021, at a permanent protection hearing, Terri was granted a permanent protection order against plaintiff. Terri was represented by counsel, while plaintiff appeared *pro se*. Ross and Terri testified at the hearing and were cross examined by plaintiff. Terri's counsel submitted Deputy Angerhofer's report of the night of September 21, 2021, to the circuit court as an exhibit. Plaintiff had received a copy of the September 21, 2021, body camera footage but did not submit the footage to the circuit court as an exhibit.

Later that same day, Terri served plaintiff with divorce papers filed in the Sisseton Wahpeton Oyate Tribal Court. Plaintiff's attorney emailed state court divorce papers to the Sheriff's Office on November 1, 2021, to be served on Terri. After several attempts, Terri was served on February 14, 2022, with state divorce pleadings. Plaintiff's motion to dismiss the tribal court divorce on the basis of jurisdiction was denied by the tribal court on January 10, 2022, after they determined they had jurisdiction. The state court, on June 6, 2022, granted Terri's motion to dismiss the state divorce proceedings on the

basis that the tribal court had jurisdiction. Plaintiff has appealed the state court's decision granting Terri's motion to dismiss, which is currently pending before the South Dakota Supreme Court. The tribal court divorce trial was held on July 19, 2022, and the tribal court entered a Judgment and Decree of Divorce on August 2, 2022. The tribal appeals court dismissed plaintiff's appeal of the decree as untimely.

Plaintiff is seeking various orders from the court. He asks me to, in effect, overrule a decision of the Roberts County States' Attorney to not file a criminal charge against plaintiff's adopted son, overrule a final order from a Circuit Court Judge in South Dakota that a protection order should be entered against plaintiff, overrule what the tribal court did in a contested divorce case involving plaintiff and his ex-wife which involved a division of property, find that the Roberts County Sheriff and his deputies engaged in a civil conspiracy (with nothing more than wild speculation and no evidence to support it) to violate plaintiff's constitutional rights, to find that the Sheriff was dilatory in serving process in an attempted state court action to void what the tribal court did (which ruling by the state circuit court is now on appeal by plaintiff to the South Dakota Supreme Court), to award damages in a claimed simple assault case against plaintiff's adopted son although there is without doubt no diversity of citizenship, and finally award damages for what the tribal court did with the joint property in a final order of the tribal court. This is quite a litany of matters that have no business in federal court. Plaintiff clearly had his chance in state proceedings and now wants a second bite at the apple through indirect attacks via Federal Court.

I.  Fifth Amendment Violation

Plaintiff has failed to state a claim for a Fifth Amendment violation as no federal actor is named or involved in this claim. U.S. CONST. art. 5; Barron ex rel. Tiernan v. Mayor of Baltimore, 32 U.S. 243, 247-51 (1833) (the Fifth Amendment due process protection shields against federal government action).

II.  Fourteenth Amendment Violation

To properly plead a Fourteenth Amendment procedural or substantive claim "'[t]he possession of a protected life, liberty, or property interest is…a condition

5

precedent' to any due process claim." Singleton v. Cecil, 176 F.3d 419, 425 (8th Cir. 1999) (*citing* Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 422, 455-46 (8th Cir. 1995) and Movers Warehouse, Inc. v. City of Little Canada, 71 F.3d 716, 718 (8th Cir. 1995). If a constitutionally protected life, liberty, or property interest does not exist, there can be no procedural or substantive due process violation. Dobrovolny v. Moore, 126 F.3d 1111, 1113 (8th Cir. 1997) (*citing* Movers Warehouse, Inc., 71 F.3d at 718). Some examples of liberty interests recognized by the Supreme Court are the rights to marry, to have children, to direct the education and upbringing of one's children, to marital privacy, to use contraception, and to bodily integrity. Washington v. Glucksberg, 521 U.S. 702, 719-20 (1997) (cleaned up).

Plaintiff asserts that the defendants violated his "...liberty interest in a fair and complete investigation." Doc. 1, pg. 12. Plaintiff does not plead any other constitutional right, interest, or privilege.

Plaintiff fails to show the liberty interest he claims exists, as he provides no argument, citation, or support for his assertion for such an interest. Plaintiff merely states he has a liberty interest in a fair and complete investigation, states it was violated, and ends there. Plaintiff fails to plead that there is any case law or historical recognition of his asserted interest. Plaintiff does not specify or detail what the interest entails other than accepting his version of events. This Court finds that plaintiff has not pleaded that he possessed a constitutional interest, much less that a constitutional interest has been violated. Plaintiff has failed to state a claim for a Fourteenth Amendment violation.

### III. 42 U.S.C. § 1985 Civil Conspiracy Claim

For a claim of civil conspiracy under 42 U.S.C. § 1985 to be properly plead plaintiff must plead: 1) that defendants conspired, 2) with intent to deprive him of equal protection of laws, or equal privileges and immunities under laws, 3) that one or more conspirators did, or caused to be done, any act in furtherance of conspiracy's object, and 4) that he was injured or deprived of having and exercising any right or privilege of a United States citizen. 42 U.S.C. § 1985(3); Mendoza v. United States Immigration and Customs Enforcement, 849 F.3d 408, 421 (8th Cir. 2017) (*citing* Crutcher-Sanchez v.

6

Cty. of Dakota, 687 F.3d 979, 987 (8th Cir. 2012)); *see* Griffin v. Breckenridge, 403 U.S. 88, 102-04 (1971). Plaintiff must "allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." Mendoza, 849 F.3d at 421 (citation cleaned up). Plaintiff's "[m]ere speculation or conjecture is insufficient to prove a civil conspiracy. Mendoza, 849 F.3d at 421 (*citing* Mettler v. Whitledge, 165 F.3d 1197, 1206 (8th Cir. 1999)). On regarding the deprivation of equal protection, the Supreme Court wrote, in order to establish the second element, "…there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).

In addition to failing to state a constitutional interest existed, as previously established, plaintiff fails to plead facts showing a conspiracy was formed or plaintiff's membership in a protected class was the reason defendants conspired to violate his alleged constitutional right.

Plaintiff states the conspiracy, "…was formed between defendants Ross and Terri Torgerson immediately upon plaintiff being rendered unconscious, among Terri and Ross Torgerson and Deputies Angerhofer and Bowsher while the deputies were interviewing Ross and Terri in lieu of rendering aid to plaintiff, or interviewing him, and subsequently affirmed by Sheriff Appel." Doc. 1, pg. 13. Plaintiff's assertion that Ross and Terri formed a conspiracy against him while unconscious is the textbook definition of speculation and is insufficient to prove conspiracy. Mendoza, 849 F.3d at 421; Bass, 418 F.3d at 872 (to establish the existence of a genuine issue of material fact, "[a] plaintiff may not merely point to unsupported self-serving allegations."). Plaintiffs' assertion that Deputies Angerhofer's and Bowsher's interview with Ross and Terri of the night's events does not come close to demonstrate that the defendants reached an agreement. Mendoza, 849 F.3d at 421. Nothing in plaintiff's statement, that Deputy Angerhofer and Deputy Bowsher interviewed Ross and Terri about the events of the night of September 21, 2021, demonstrates with material facts that the defendants reached an agreement to violate plaintiff's civil rights. Id. While defendants Ross and Sheriff Appel agree they are friends in their respective statements of undisputed facts, mere friendship does not

7

amount to an agreement to conspire. Plaintiff is again, speculating and theorizing an agreement existed among defendants. Plaintiff has failed to establish a conspiracy existed and therefore fails to state a 42 U.S.C. § 1985 claim.

Lastly, plaintiff did not plead membership to any protected class, much less plead that his membership in a protected class was the reason defendants conspired to violate his alleged constitutional right. Griffin, 403 U.S. at 102 (the Supreme Court writing, "…there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."). Plaintiff has not established the second element of 42 U.S.C. § 1985 claim, and thus fails to state a claim.

IV.     42 U.S.C. § 1983, and *Monell* Claims

To properly plead a 42 U.S.C. § 1983 claim plaintiff must show that the defendant, whether an individual, or a municipality under a Monell claim, (1) acts under the "color of state law" and (2) violates "any rights, privileges, or immunities secured by the Constitution and laws [of the U.S.] . . .." 42 U.S.C. § 1983; *see* West v. Atkins, 487 U.S. 42, 48 (1988). When suing a municipality, "[a] county may be liable for a constitutional violation under § 1983 only if the violation resulted from a policy or custom of the municipality." Calgaro v. St. Louis Cty., 919 F.3d 1054, 1058 (8th Cir. 2019) (*citing* Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

As established, plaintiff did not plead a constitutional right, much less a violation of a constitutional right. Therefore, plaintiff failed to plead a 42 U.S.C. §1983 claim against any of the defendants. Plaintiff's 42 US.C. § 1983 Monell claim is improperly plead for the same reason.

V.     Plaintiff's Failure to State a Claim.

Plaintiff has failed to plead a federal claim against defendants. While plaintiff conclusively states that his civil rights have been violated, this does not establish that such rights exist. Civil rights do not entitle him to a right of civility. Individuals can work together to seek out legal activities and are often encouraged by the law to do so, such as seeking temporary restraining orders, permanent protection orders, and divorces.

8

While an individual may not like the results, one's discomfort in such proceedings does not amount to a civil or constitutional violation.

VI. Jurisdiction Over Remaining State Law Claims and Counter-Claims

This Court declines to exercise jurisdiction over plaintiffs remaining claims, and defendants Terri and Ross Torgerson's respective counterclaims as they are comprised wholly of state related issues and are not eligible for supplemental jurisdiction.

A district court with original jurisdiction over a federal claim additionally has supplemental jurisdiction over accompanying state law claims which stem "from part of the same case or controversy" as the federal claims. 28 U.S.C. § 1367(a); United Mine Workers of America v. Gibbs, 383 U.S. 715, 725-28 (1966) (Supreme Court wrote, "[t]he state and federal claims must derive from a common nucleus of operative fact."); Starkey v. Amber Enterprises, Inc., 987 F.3d 758, 765 (8th Cir. 2021). Supplemental jurisdiction is a doctrine of judicial discretion and is not a plaintiff's right. Gibbs, 383 U.S. at 726. When courts are deciding whether to exercise supplemental jurisdiction they should consider judicial economy, convenience and fairness to litigants, and comity. 28 U.S.C. § 1367(c); Gibbs, 383 U.S. at 726; Starkey, 987 F.3d at 765.

Plaintiff's remaining claims, and defendants' counterclaims, do not accompany a federal claim and thus fail to be before this Court under supplemental jurisdiction. 20 U.S.C. § 1367. This Court will not use its discretion to exercise jurisdiction over the remaining state law claims of the plaintiff or defendants. This Court finds the claims are not closely tied to questions of federal policy or concern; they are creatures wholly of state law. As such, it would promote comity with the state of South Dakota and justice for all parties to have their claims heard by a state court. These state claims should be in state court or not at all. Further, this Court will not allow plaintiff to have a collateral attack 1) on an ongoing case which is before the South Dakota State Supreme Court; 2) a collateral attack on a settled tribal court decision over which the tribe had jurisdiction, and 3) interfering with a duly elected States' Attorney's decision to commence a certain criminal case.

## ORDER

Based on the foregoing, and all the files and records herein, IT IS HEREBY ORDERED that:

1. Defendants' motions for summary judgment are granted in regard to the federal claims leveled against them, specifically the Fifth and Fourteenth Amendments substantive and procedural due process violation claims, the 42 U.S.C. § 1985 claim, the 42 U.S.C. § 1983 claim, and the 42 U.S.C. § 1983 Monell claim.

2. This Court refuses to exercise jurisdiction over the remaining state law claims, specifically the due process claim under Art. VI §2 of the South Dakota Constitution, the intentional infliction of emotional distress claim, plaintiff's battery claim; and defendants, Terri and Ross Torgerson, counterclaims for battery and assault.

DATED this 28th day of March, 2024.

BY THE COURT:

*[signature: Charles B. Kornmann]*
CHARLES B. KORNMANN
United States District Judge

10